## Harrison v. Nichols

*Thomas P. Hamilton, Jr.,* and *Joel Friedman,* for plaintiffs.

*Joseph T. Labrum, Jr.,* and *Ralph B. D'Iorio,* for defendants.

BLOOM, J., May 14, 1970.—These two cases present an identical issue to which this court has not spoken previously. The question presented is whether defendants should be required in the course of pretrial discovery proceedings to disclose the nature and extent of their liability insurance coverage. By direction of the administrative judge, the cases were consolidated for argument before the court en banc.

In Harrison v. Nichols, plaintiff sued to recover for injuries sustained as plaintiff crossed the street, as the result of being struck by defendant's vehicle. Complete discovery has been had by both parties, with the exception of the matter now before us, and the case is ready for trial. Inspection of the record papers discloses that as a result of the accident, plaintiff sustained serious personal injuries, including a fractured vertebra of the cervical spine with resultant disability. Medical expenses alone are in excess of $2,250. At this stage of the proceeding, plaintiff sought by way of written interrogatories to determine the identity of defendant's insurer and the amount of coverage. Defendant filed timely objections.

In Schiavoni v. MacAdam, the minor plaintiff, while riding a bicycle, was allegedly struck by defendant's vehicle which was making a left hand turn. As a result, the minor sustained serious injuries, including a fractured leg and concussion. The medical expenses are almost $6,000. Here again, the issue has been

raised only after extensive discovery proceedings, and at a point where the case would appear ready for trial. Procedurally, the matter arises on plaintiffs' motion for sanctions for the refusal of defendant to answer interrogatories relating to the nature and extent of the liability insurance coverage.

With regard to the specific question raised, we note that there is no appellate authority which is determinative of the matter; however, the applicable Pennsylvania Rule of Civil Procedure provides at least some guidance to our inquiry. Rule 4005(a) authorizes interrogatories subject to the limits of rule 4011. Rule 4005(c) provides that interrogatories may relate to any matters that may be inquired into under rule 4007, and, in turn, rule 4007 permits discovery of all relevant, nonprivileged matters which will substantially aid "in the preparation or trial of the case." In interpretation of these rules, the provisions of Pa. R. C. P. 126, in pertinent part, clearly define our function in the absence of appellate authority as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."

We are also guided by a number of cases decided by lower courts of the Commonwealth which, however, reach divergent conclusions on this specific question. However, in the instant case, we find that we must chiefly rely on the policy of our own court as expressed in its previous pronouncements. Here, there is clear guidance. In the case of Clark v. Loughrey, 56 Del Co. 297 (1969), Judge Catania, in speaking for the court, declared that pretrial discovery of defendant's personal assets under the particular circumstances of that case was appropriate. The reasoning of the court is pertinent here:

"In every trespass action of this nature, we generally have two great unknown factors: (1) Is there liability on the part of the defendant?, and (2) What dollar value will the jury place upon the plaintiff's alleged injuries? A third factor which enters into certain cases is: Will there be a fund available, from insurance or otherwise, to pay any possible verdict?

"As to the first two unknowns, they are not answered for certain until a jury actually passes upon the merits of the case, but knowledge of the third is limited only by the use of depositions and the veracity of the deponent.

"From this Court's point of view, the first two unknowns are obstacles to the settlement of every case about which we can do nothing; the third can be eliminated by the discovery process and we think it should be allowed to this end."

With these guideposts in mind, we turn to the disposition of the specific issue raised; i.e., whether the interrogatories posed in these particular cases are relevant, not privileged, and will substantially aid in the preparation or trial of the case.

As to relevance and aid in preparation of the case, the opinion of Judge Catania is clearly dispositive. The recognition of the realities of the litigation process as including the settlement process is unquestionably a prerequisite to the efficient administration of our modern system of courts. In our county, without a willingness to recognize and meet problems requiring change in the structure of our system, we would have been unable to meet as successfully the challenge of an increased volume of cases. We are convinced that no method should be overlooked in the search for constant improvement of our court system. If, in appropriate cases, disclosure of policy limits will foster settlement and therefore reduce the demand

on judicial resources, we should not hesitate to require it unless otherwise restricted by law.

We have carefully examined the authorities which have dealt with the issue and are convinced that the determinations made in the cases of Waksman v. Walker, 44 D. & C. 2d 1 (Philadelphia, 1968), and Groce v. Hile, 46 D. & C. 2d 89 (Mercer Co., 1968), compelling disclosure express the proper view on the legal questions raised here. We adopt the reasoning and conclusions of Judge Ullman and President Judge Stranahan in those cases and will not treat those issues extensively here except to incorporate them by reference.

We, therefore, enter appropriate orders requiring disclosure of the requested information regarding liability insurance coverage of each of these defendants.

## ORDERS

### Re: Harrison v. Nichols

And now, to wit, May 4, 1970, upon consideration of defendant's objections to plaintiff's interrogatories in the above case, and after argument before the court en banc, it is hereby ordered and decreed that defendant's objections to plaintiff's interrogatories are overruled and that defendant shall answer the interrogatories within 48 hours of the service of this order, because of the fact that this case is listed for trial during the week of May 4, 1970.

### Re: Schiavoni (minor) et al. v. MacAdam

And now, to wit, May 4, 1970, upon consideration of plaintiffs' motion for sanctions and after argument before the court en banc, it is hereby ordered and decreed that:

1. Plaintiffs' motion for sanctions is hereby granted;

2. Defendant shall answer interrogatories 31 and 32 requiring disclosure of information regarding liabil-

ity coverage within 20 days of the service of this order.

## DISSENTING OPINION

DIGGINS, J.—While I believe that the end accomplished by this opinion and order is a worthy one and a desirable one, I do not think it is made permissible by the wording and purposes expressed in the Civil Procedure Rules and any such expansion should be made on the appellate level else we will have what is already apparent on this subject—a diversity by judicial district which is undesirable and to be avoided. Therefore, I dissent.